UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| MICHAEL L. MARTIN, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> UVALDE CITY POLICE § <br> DEPARTMENT, § <br> Defendant. § | Cause No. DR-18-CV-15-AM/VRG |

## ORDER

Pending before this Court is the Report and Recommendation of the Honorable Victor Garcia, United States Magistrate Judge. (ECF No. 4.) The Report recommends that this Court deny the Plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 3) and dismiss his Complaint and Request for Injunction (ECF No. 1) with prejudice. For the reasons discussed below, the Report and Recommendation is **ADOPTED**. Accordingly, the Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED** and his Complaint is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

On March 16, 2018, the Plaintiff filed his Complaint and Request for Injunction and Application to Proceed *In Forma Pauperis*. The Plaintiff complained Uvalde police officers searched his property without a warrant or consent, and used inappropriate force by drawing a gun on him. (ECF No.1.) Based on these allegations, the Plaintiff claims that the Uvalde Police Department violated his Fourth Amendment right to be free from unreasonable searches and seizures, and his Fourteenth Amendment right to equal protection. (*Id.*) The Plaintiff further avers that he is entitled to relief in the form of a preliminary injunction so as to prevent any further violations from taking place. (*Id.*) The Plaintiff's application states that he receives $2,600-$2,800

a month in retirement benefits, he has approximately $25,000 in savings, and his expenses are between $2,285-$2,685 per month. (ECF No. 3.)

## II. STANDARD OF REVIEW

Where no party objects to a magistrate judge's report and recommendation, a district court need not conduct a *de novo* review. 28 U.S.C. § 636(b)(1). In such cases, the court need merely review the report and recommendation to ensure that it is neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.1989).

In the present case, the Plaintiff objects to the finding that his Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted. (ECF No. 7.) Due to the Plaintiff's objection, this Court will conduct a *de novo* review of this finding.

The Defendant did not file any objections. Neither party objected to the Report's factual findings, nor to its findings regarding the Plaintiff's application being denied[1], so the Court will review those findings for clear error.

## III. ANALYSIS

The Court need only conduct a limited review of the Magistrate Judge's recommendations to determine whether they are erroneous or clearly contrary to law, if neither party objects to those parts of the report. *Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court has examined the unobjected-to portions of the Report and Recommendation and is of the opinion that the findings are neither erroneous nor clearly contrary to law. Accordingly, this Court adopts those portions of Judge Garcia's findings.

---

[1] In fact, as part of his response to Judge Garcia's Report, the Plaintiff conceded the issue of proceeding *In Forma Pauperis* and paid $400 toward his filing fee to this Court. (ECF Nos. 7 and 8.)

2

## A. Complaint and Request for Injunction

Judge Garcia found, and this Court agrees, that the Plaintiff did not bring a claim upon which relief may be granted, and thus that his complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915. (ECF No. 4 at 8.) The Plaintiff objects to this finding on the basis that his constitutional rights were violated, stating that the report "cites some law or precedents which are irrelevant as the Constitution bars unreasonable searches without a warrant, and any law or regulation that violates the Constitution in(sic) null and void on the fact of it," and that "I do not find my filing in this case to be frivolous or malicious." (ECF No. 7.) Because the Plaintiff has objected to Judge Garcia's findings regarding dismissal pursuant to § 1915, this Court shall review those findings *de novo*.

The Prison Litigation Reform Act ("PLRA"), which largely applies to non-prisoner IFP suits despite its name, *see Haynes v. Scott*, 116 F.3d 4 137, 140 (5th Cir. 1997), contains a screening provision that requires district courts to "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *accord Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (per curiam).

A PLRA dismissal is reviewed under the same standard employed for a Rule 12(b)(6) motion to dismiss. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Thus, to survive PLRA screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). While a complaint "does not need detailed factual allegations, a plaintiff's

3

obligation to provide the grounds of . . . entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, quotations, and alterations omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Similarly, for PLRA purposes, a suit "is frivolous where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Typical examples of claims subject to dismissal pursuant to § 1915(e), include: (1) claims in which it is clear that the defendants are immune from suit, (2) claims for the infringement of a legal interest that clearly does not exist, and (3) claims which are barred by the statute of limitations. *See, e.g., Neitzke*, 490 U.S. at 327; *see also Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995); *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994) (both upholding the dismissal as frivolous of civil rights lawsuits on the grounds that the defendants were entitled to absolute judicial and prosecutorial immunity). Furthermore, a conclusory complaint—that is, one that fails to state material facts—may be dismissed as frivolous, *see, e.g., Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), or for failure to state a claim upon which relief can be granted. *Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir. 2006).

"Section 1983 creates a private right of action for redressing the violation of federal law by those acting under color of state law." *Colson v. Grohman*, 174 F.3d 498, 505 n.2 (5th Cir. 1999). Section 1983 "is not itself a source of substantive rights," but merely provides "a method

4

for vindicating federal rights elsewhere conferred . . . ." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). Accordingly, a meritorious § 1983 claim hinges on the demonstration of (1) a violation of a right secured by the Constitution or laws of the United States and (2) that the violation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Anderson v. Valdez*, 845 F.3d 580, 599 (5th Cir. 2016).

> A local government entity may be sued "if it is alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) (quoting *Monell*, 436 U.S. at 690). Alternatively, municipal liability may attach where the constitutional deprivation is pursuant to a governmental custom, even if such custom has not received formal approval. *Monell*, 436 U.S. at 690-91. "[M]unicipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citation omitted). The elements of the *Monell* test exist to prevent a collapse of the municipal liability inquiry into a *respondeat superior* analysis. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 415, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). A municipality may not be subject to liability merely for employing a tortfeasor. *See, e.g., City of Canton, Ohio v. Harris*, 489 U.S. 378, 392, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Municipal liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation. *Id.* at 391-92.

*Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166-67 (5th Cir. 2010). It is thus clear that there is no *respondeat superior* liability in § 1983 suits. *Monell*, 436 U.S. at 691. And it is well-settled that even where a constitutional violation has occurred, it must have been caused by a municipal policy or custom for § 1983 liability to attach to a municipality. *See id.; see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (requiring a "direct causal link" between the municipal policy and the constitutional deprivation in order to hold a municipality liable under § 1983).

The Plaintiff's allegations make clear that his basis for asserting that the only named Defendant—the City of Uvalde Police Department—bears liability for the alleged constitutional

5

violations is because it employs the officers who purportedly violated the Plaintiff's Fourth and Fourteenth Amendment rights. Leaving aside the question as to whether the Plaintiff's allegations are adequate to even allege such constitutional violations, they are clearly inadequate to state a claim against the City of Uvalde because they are based upon a *respondeat superior* theory which cannot support § 1983 liability against a municipal defendant. The Plaintiff's complaint contains no allegations or facts to support the conclusion that the City of Uvalde Police Department has promulgated any sort of official custom or policy that caused the Plaintiff's alleged constitutional deprivations. (*See* ECF No. 1 at 3-5.) For these reasons, the Court agrees with the Magistrate Judge that the Plaintiff fails to state a claim against the only named Defendant and his complaint is subject to § 1915(e)(2) dismissal on screening.

## IV. CONCLUSION

Therefore, it is hereby **ORDERED** that the Report and Recommendation prepared by Judge Garcia in the instant case is **APPROVED** and **ADOPTED**. The Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED** and his Complaint is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER **ORDERED** that a Clerk's judgment shall issue immediately terminating the above-styled cause of action and any pending motions.

SIGNED and ENTERED on this 15th day of March 2021.

ALIA MOSES
United States District Judge

6